**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| PAULINA POE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE, *et al.*,<br><br>    Defendants. | Civil Action No. 26-1552 |

**<u>MEMORANDUM OPINION AND ORDER</u>**

The President of the United States signed an Executive Order titled "Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government" on the first day of this Administration. <u>See</u> Exec. Order No. 14168, 90 Fed. Reg. 8615 (Jan. 20, 2025). Pursuant to that Order, the Department of Justice issued a memorandum on December 2, 2025, suspending the execution of certain DOJ regulations promulgated under the Prison Rape Elimination Act of 2003 that protect transgender individuals from sexual violence in the prison system. <u>See</u> ECF No. 1-1 (DOJ Mem.) at ECF pp. 2–5. Plaintiff is a transgender woman currently incarcerated in a men's facility. <u>See</u> ECF No. 1 (Compl.), ¶ 76. She sues DOJ, Acting Attorney General Todd Blanche, and Acting Director of the Bureau of Justice Assistance Tammie M. Gregg under the Administrative Procedure Act, contending that the DOJ memorandum effectively rescinds the regulations without notice and comment and primarily seeking declaratory and injunctive relief. <u>Id.</u>, ¶¶ 8, 10, 15–17, 94, 98. She has also filed a Motion to Proceed under Pseudonym, Partially Under Seal, and for a Protective Order, citing various safety

1

and privacy concerns.  See ECF No. 2-1 (Mot.) at 1–2.  The Court will grant the Motion in part

and deny it in part, subject to any further consideration by the United States District Judge to

whom this case is randomly assigned.  See LCvR 40.7(f) (providing that Chief Judge shall "hear

and determine . . . motion[s] to seal the complaint and motion[s] to file a pseudonymous

complaint . . . ."); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed

without an order from the Court.").

## I.    Legal Standard

Complaints must typically identify a plaintiff.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).

This identification requirement reflects the "presumption in favor of disclosure [of litigants'

identities], which stems from the 'general public interest in the openness of governmental

processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed

Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing

Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus

"bears the weighty burden of both demonstrating a concrete need for such secrecy[] and

identifying the consequences that would likely befall it if forced to proceed in its own name."  In

re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the

litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by

applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at

96).  That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to
> avoid the annoyance and criticism that may attend any litigation or is to
> preserve privacy in a matter of a sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental
> harm to the requesting party or, even more critically, to innocent non-
> parties;
> (3) the ages of the persons whose privacy interests are sought to be
> protected;

(4) whether the action is against a governmental or private party; and relatedly,

(5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (cleaned up).

Generally, a plaintiff filing a civil complaint must also file on the public docket. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)). When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980). Those factors are:

(1) the need for public access to the documents at issue;

(2) the extent of previous public access to the documents;

(3) the fact that someone has objected to disclosure, and the identity of that person;

(4) the strength of any property and privacy interests asserted;

(5) the possibility of prejudice to those opposing disclosure; and

(6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

## II.    Analysis

As noted above, in addition to pseudonymity and sealing, Plaintiff also seeks a protective order principally prohibiting defense counsel from sharing her identity with their individual clients. The Court discusses this issue in the context of its separate examinations of pseudonymity and sealing.

3

A.      Pseudonymity

Plaintiff has shown that her privacy and safety interests outweigh the public's

presumptive and substantial interest in the disclosure of her identity.

The first factor, which concerns the justification asserted for pseudonymity, favors Poe.

This factor tips that way where, as here, the plaintiff does not seek to proceed pseudonymously

"merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve

privacy in a matter of [a] sensitive and highly personal nature." In re Sealed Case, 971 F.3d at

326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). Such matters include

"sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of

abused minors," id. at 327, and sexual assault in particular. See, e.g., Doe v. Cabrera, 307 F.R.D.

1, 5 (D.D.C. 2014) ("Courts generally allow a plaintiff to litigate under a pseudonym in cases

containing allegations of sexual assault because they concern highly sensitive and personal

subjects."); Doe v. Burns, No. 23-2937, ECF No. 7 (Mem. Op.) at 4 (D.D.C. Oct. 5, 2023)

(factor favors pseudonymity where "Doe describes both her [sexual] assault and the events

leading up to it in detail"). Plaintiff's case covers such intimate issues as her medical history

with gender dysphoria and detailed descriptions of sexual assault. See Mot. at 4; Compl., ¶ 78

("Plaintiff has also been sexually assaulted."); ECF No. 2-2 (Paulina Poe Declaration), ¶ 5

("Multiple men in my facility have propositioned me for sex in threatening ways. Men often

touch my breasts without my consent."). This factor thus favors pseudonymity.

The second factor, concerning the "risk of retaliatory physical or mental harm" to the

plaintiff, also favors pseudonymity. In re Sealed Case, 971 F.3d at 326 (citation omitted).

Psychological harm itself is an independently cognizable risk under this factor. See Cabrera, 307

F.R.D. at 6 ("A plaintiff need not show both a risk of retaliatory physical harm and mental harm

— either is sufficient."). Plaintiff begins by citing evidence that transgender individuals in prisons face greater risks of sexual assault than the general incarcerated population, see Mot. at 5, but this evidence does not illuminate any retaliatory mechanism caused specifically by disclosure. See Zoe v. United States, 2025 WL 1676040, at *2 (D.D.C. June 13, 2025) (finding that single academic article — showing that male inmates who are sexually assaulted become targets for further victimization — "falls short of establishing that disclosure would increase the risk of future sexual abuse" in female facility). More forcefully, however, Plaintiff also posits that exposing her name and her sexual and medical history could prompt retaliation by inmates who previously sexually assaulted her or by staff "who put her in danger of sexual abuse by engaging in traumatizing strip searches [and] sexual harassment." Mot. at 5 (citing Poe Decl., ¶¶ 4–9). Plaintiff also avers that "the prospect of [her] sexual abuse and medical history being available to the public causes [her] severe anxiety and stress." Id.; see also Cabrera, 307 F.R.D. at 6. Buttressed by her declaration, Plaintiff asserts theories of retaliation that are plausible at this preliminary stage. See Poe Decl., ¶¶ 4–9. As always, though, the District Court judge randomly assigned to this case may alter this conclusion should discovery "render [these] concerns unsupported and unwarranted." Doe v. Fed. Republic of Germany, 680 F. Supp. 3d 1, 5 (D.D.C. 2023).

The third factor, which concerns any interests of minors implicated, cuts the other way. See In re Sealed Case, 971 F.3d at 326. Plaintiff is not a minor and does not allege that disclosure of her identity would affect the welfare of any minor. See Mot. at 4 n.1.

The fourth factor, which concerns the identity of the defendant, also favors disclosure. Typically, "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private

individuals have when they are publicly charged with wrongdoing.'" J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Cabrera, 307 F.R.D. at 8). This presumption flips, however, to the extent that the plaintiff seeks programmatic rather than individual relief. Contrast Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a yearlong delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation omitted), with In re Sealed Case, 971 F.3d at 329 ("[The] public interest is intensified when, as here, the party asking to proceed anonymously seeks to alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward."). The relief requested here — principally a declaration that the DOJ memorandum is invalid and a permanent injunction against its enforcement — would provide more than individualized relief. See Compl., ¶¶ 94, 98; see also Jones v. Trump, 2025 WL 485419, at *3 (D.D.C. Feb. 13, 2025). Plaintiff points to authorities from other circuits to suggest that the public interest in plaintiffs' identities may be lower where the challenge to government action is "purely legal or facial." Mot. at 12 (citing, e.g., Doe v. Settle, 24 F.4th 932, 939 n.5 (4th Cir. 2022); Casa, Inc. v. Trump, 793 F. Supp. 3d 703, 724 n.8 (D. Md. 2025)). Following our Circuit, however, the Court finds that this factor favors disclosure.

The fifth and final factor, which relates to the risk of unfairness to the defendant, favors pseudonymity. Plaintiff is willing to disclose her identity to defense counsel but seeks a protective order that prohibits their dissemination of that information to Defendants Blanche and Gregg themselves. See Mot. at 2, 10, 12–13. In re Sealed Case worried that "[w]hen pseudonymous status hides the suing party's identity from the defendant, that lack of openness

6

can implicate significant due process concerns."  971 F.3d at 326 n.1.  Plaintiff cites authorities suggesting that such concerns may not always be dispositive.  See Mot. at 13 (citing Doe v. Uber Techs., Inc., No. 19-903, ECF No. 2 (Mem. Op.) at 5 (D.D.C. Mar. 29, 2019) and Doe v. Porter, 370 F.3d 558, 561 (6th Cir. 2004)).  In our case, however, the attorneys representing the government in this suit are supervised by Blanche, so obscuring Plaintiff's identity from Defendants would be impractical.  With that issue obviated by sharing Poe's identity with Defendants, pseudonymity poses no barrier to their litigation of the case.  This factor, then, favors pseudonymity, but not from Defendants themselves.

In sum, although the third and fourth factors weigh against pseudonymity, the remaining factors favor it, and the Court will grant this part of the Motion.

B.    Sealing

Plaintiff also seeks to seal limited information that could help identify her and partially redact her filed declaration.  The Court finds that she has generally met her burden to overcome the presumption in favor of public access to court records.  It will address each Hubbard factor in turn.

The first, "the need for public access to the documents at issue," favors granting the Motion.  Hubbard, 650 F.2d at 317 (formatting altered).  The presumption of public access is heightened in civil litigation when the government is a party and administrative action is at issue, particularly when the issues generate significant public debate.  See Hyatt v. Lee, 251 F. Supp. 3d 181, 184 (D.D.C. 2017) ("The interest of the public and press in access to civil proceedings is at its apex when the government is a party to the litigation.  Indeed, the public has a strong interest in monitoring not only functions of the courts but also the positions that its elected officials and government agencies take in litigation.") (citation omitted); Doe v. McHenry, 2025

7

WL 596650, at *2 (D.D.C. Jan. 31, 2025) ("The Complaint also implicates a policy adopted by the new presidential administration touching on a topic of intense public controversy, which argues in favor of disclosure."). Plaintiff's proposed redactions, however, do not implicate these interests. Rather than obscuring the context around the challenged policy or the procedural claims against it, the proposed redactions are limited to potentially identifying information and details of Plaintiff's medical history. See Mot. at 15. Such a "targeted" request tips this factor in favor of sealing. See Monbo v. United States, 2023 WL 7129866, at *1 (D.D.C. Sept. 7, 2023).

The second factor, considering the extent of previous public access, similarly favors sealing. In assessing this factor, a court "should consider the public's previous access to the sealed information, not its previous access to the information available in the overall lawsuit." CNN v. FBI, 984 F.3d 114, 119 (D.C. Cir. 2021). To the Court's knowledge, the public has previously had access neither to the concealed information in the redacted declaration nor to information covered by the protective order sought. See Mot. at 14 ("[T]here has been no previous public access to these documents . . . ."). This factor, then, also favors granting the Motion.

So does the third factor, which looks to any objections. "[T]he fact that a party moves to seal the record weighs in favor of the party's motion." Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). As is customary at this stage, no objection to the Motion has been lodged, so this factor favors sealing, but the judge to whom this case is randomly assigned of course remains free to revisit this sealing decision.

The fourth factor, "the strength of any property and privacy interests asserted," also favors sealing. Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22). Privacy interests related to Plaintiff's medical diagnoses and unwanted, disturbing incursions

into her sexual life (discussed separately above) are among the privacy interests cognizable under this factor.  See Hubbard, 650 F.2d at 324 ("Valid privacy interests might be asserted . . . in documents which reveal the intimate details of individual lives, sexual or otherwise . . . ."); see also Doe v. Am. Univ., 2026 WL 872931, at *5 (D.D.C. Mar. 31, 2026) (finding that this factor favors sealing when "[p]laintiff [sought] to redact personal health information and private contact details that could be used to identify the parties to that dispute," including allegations of sexual assault).  This factor thus favors the Motion as well.

The fifth factor, however, which considers whether disclosure will prejudice the party seeking the seal, supports disclosure.  Plaintiff must identify the specific legal prejudice, as opposed to general harm, that disclosure could cause.  See United States v. All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d 71, 85 (D.D.C. 2020) ("The possibility of prejudice refers to whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal.") (quoting United States ex rel. Durham v. Prospect Waterproofing, Inc., 818 F. Supp. 2d 64, 68 (D.D.C. 2011)).  Plaintiff asserts that "the risk of prejudice to Plaintiff is high, as it is her identity and information that will be revealed if the motion is denied," Mot. at 14, but such a conclusory statement about prejudice, alluding to general disclosure-based harms, does not, without more, tip this factor against disclosure.

The sixth and final factor concerning "the purposes for which the documents were introduced" does not frustrate Plaintiff's Motion.  Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).  Disclosure is the norm where "the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute."  Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) (quoting Berliner Corcoran & Rowe LLP v. Orian, 662 F. Supp. 2d 130, 135 (D.D.C. 2009)) (alteration in original).  Where a party seeks to seal

9

only limited portions of the pleadings that are not at issue in the case, however, this factor can favor sealing.  See United States ex rel. Grover v. Related Companies, LP, 4 F. Supp. 3d 21, 28 (D.D.C. 2013) (citing Durham, 818 F. Supp. 2d at 69).  Here, Plaintiff does not seek to seal the entirety of the declaration or any other document in the record, and, as discussed on the first Hubbard factor, the proposed redactions cover information not critical to the legal issue to be adjudicated.  This factor, then, does not counsel disclosure.

On balance, only the fifth Hubbard factor supports disclosure.  The Court will therefore grant Plaintiff's Motion to Partially Seal Documents but not Plaintiff's Motion for a Protective Order given the issues addressed in the pseudonymity analysis.

## III.    Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion to Proceed Under Pseudonym, Partially Seal Documents, and for a Protective Order is GRANTED IN PART and DENIED IN PART, subject to any further consideration by the United States District Judge randomly assigned to this case;

2. No protective order is necessary;

3. All parties shall use the pseudonym listed in the Complaint and redact information that would identify Plaintiff in all documents filed in this action;

4. Defendants shall not disclose Plaintiff's identity to any third party unless such disclosure is necessary to defend against this action; and

5. Within fourteen days of this Order, Plaintiff shall file:

    a. A pseudonymous and redacted version of her [2] Motion and any attachments as a Notice to the Court on the public docket; and

b. A sealed declaration containing her real name and residential address.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: May 26, 2026