**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

PAULINA POE,

          Plaintiff,

       v.

U.S. DEPARTMENT OF JUSTICE; TAMMIE
M. GREGG, in her official capacity as Principal
Deputy Director, Bureau of Justice Assistance;
and TODD BLANCHE, in his official capacity
as Acting Attorney General of the United States,

          Defendants.

Case No. 1:26-cv-01552 (DLF)

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and LCvR 7(h), Plaintiff Paulina Poe, by her undersigned counsel, respectfully submits the following statement of undisputed material facts in support of her motion for summary judgment.

1. In 2003, the Prison Rape Elimination Act ("PREA") was unanimously passed by Congress and signed into law by President George W. Bush. *See* Pub. L. No. 108-79, 117 Stat. 972, codified at 34 U.S.C. §§ 30301–30309.

2. In 2009, the National Prison Rape Elimination Commission (the "Commission") published findings and recommendations for implementing national standards for reducing prison rape and sexual abuse in correctional facilities. *See generally* Nat'l Prison Rape Elimination Comm'n, *National Prison Rape Elimination Commission Report* (June 2009), https://perma.cc/3RGD-UQZU.

3. Defendant U.S. Department of Justice ("DOJ") promulgated PREA regulations through notice-and-comment rulemaking, which began on March 10, 2010 with an Advance

Notice of Proposed Rulemaking ("ANPRM"), titled "National Standards to Prevent, Detect, and Respond to Prison Rape." *See* 75 Fed. Reg. 11077 (proposed Mar. 10, 2010) (to be codified at 28 C.F.R. pt. 115).

4.      On February 3, 2011, DOJ published a Notice of Proposed Rulemaking ("NPRM") to establish national standards under PREA. National Standards to Prevent, Detect, and Respond to Prison Rape, 76 Fed. Reg. 6248 (proposed Feb. 3, 2011) (to be codified at 28 C.F.R. pt. 115).

5.      More than 1,300 public comments were submitted on the proposed regulations set forth in the NPRM. *See* National Standards to Prevent, Detect, and Respond to Prison Rape, 77 Fed. Reg. 37106, 37112 (June 20, 2012) (codified at 28 C.F.R. pt. 115) (the "PREA Regulations" or "PREA Standards").

6.      On June 20, 2012, DOJ issued final regulations setting national standards for the detection, prevention, reduction, and punishment of prison rape, which became effective on August 20, 2012. *See generally id.*

7.      On January 20, 2025, the President issued Executive Order 14168, titled "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government." Exec. Order No. 14168, 90 Fed. Reg. 8615 (Jan. 30, 2025) (the "Gender Ideology Order").

8.      On December 2, 2025, Defendants issued a memorandum titled "National PREA Standards Alignment with Executive Order 14168" (the "Memorandum"), which declared that, effective immediately, state and federal correctional facilities are no longer required to comply with PREA Regulations that reference transgender people. A true and accurate copy of the Memorandum is attached hereto as **Exhibit 1**.[1]

---

[1]    The Memorandum is also available in the record at Exhibit 1 to the Complaint, (Dkt. 1-1).

9. The Memorandum stated that "effective immediately, applicable federal and non-federal correctional facilities shall not be held to subsections of the PREA Standards that may conflict with E.O. 14168." (*Id.*)

10. The Memorandum stated that "[p]ortions of the PREA Standards are in conflict" with the Gender Ideology Order. (*Id.* at 1.)

11. The list of "conflicting" regulations includes every PREA Regulation requirement that references transgender people and does not identify any other provisions. (*Id.* at 1–2.)

12. The Memorandum instructs "all PREA auditors" to "immediately pause from making compliance determinations" concerning the identified PREA Regulations, to "advise" correctional facilities "to disregard" those PREA Regulations, and to "refrain from uploading [audit] documentation" related to those regulatory requirements. (*Id.* at 2–3.)

13. The Memorandum excuses facilities from ongoing corrective action obligations arising from prior findings of non-compliance with the identified PREA Regulations. (*Id.* at 4.)

14. The Memorandum required auditors, in "all in-progress audits" where corrective action was underway as to any of the identified PREA subsections, to "immediately pause this corrective action," and mark the provision "Not applicable." (*Id.*)

15. To implement these directives, the Memorandum stated that DOJ's PREA Management Offices were already making immediate changes to the Online Audit System and Audit Instrument, which would be complete by the next day, December 3, 2025. (*Id.* at 2–3.)

16. Those changes included the removal of "[e]ach impacted provision and subsection"; the replacement of each impacted provision and subsection with "a statement that it is no longer relevant to the auditor's compliance determination"; and the addition of a "'Not

applicable' option for every impacted provision and subsection with a reminder to the auditor that they must select this option." (*Id.* at 3.)

17.    Before issuing the Memorandum, DOJ did not amend the PREA Regulations through notice-and-comment rulemaking.

18.    The Memorandum stated that DOJ was in the process of "updating the PREA [Regulations] to align with the requirements of E.O. 14168," but that these updates had not been "finalized." (*Id.* at 2.)

19.    The Federal Register and Office of Information and Regulatory Affairs ("OIRA") regulatory tracker shows that DOJ's proposed notice of proposed rulemaking to amend the PREA Regulations has been under OIRA review since September 16, 2025. *See* Clarification of National Standards to Prevent, Detect, and Respond to Prison Rape, RIN 1120-AB82, Unified Agenda of Regulatory & Deregulatory Actions, Off. of Info. & Regul. Affs., https://perma.cc/Y6TW-BV6X (last visited July 22, 2026); *Executive Order Submissions Under Review*, Off. of Info. & Regul. Affs., Off. of Mgmt. & Budget, https://perma.cc/HWW5-P4TB (last visited July 22, 2026).

20.    Plaintiff Paulina Poe is a transgender woman currently incarcerated in a men's correctional facility, as reflected in paragraph 1 to the Declaration of Paulina Poe, dated April 13, 2026, a true and accurate copy of which is attached hereto as **Exhibit 2**.[2]

---

[2]    The Declaration of Paulina Poe is also available in the record as filed in support of Plaintiff's Motion to Proceed by Pseudonym, (Dkt. 17-2).

Dated:  July 23, 2026

Respectfully submitted,

*/s/ Alexander Shalom*
Alexander Shalom (NJ055)
Natalie Kraner (NY0304)
Kegan A. Brown (admitted *pro hac vice*)
Amanda K. Cipriano (admitted *pro hac vice*)
Mikayla R. Berliner (admitted *pro hac vice*)
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, NJ 07960
(212) 419-5866

Alyssa C. Lareau (D.C. Bar ID 494881)
**WARDENSKI P.C.**
300 New Jersey Avenue NW, Suite 300
Washington, D.C. 20001
(202) 935-4224

Sarah Austin (*D.D.C. admission pending*)
**GLBTQ LEGAL ADVOCATES &
DEFENDERS**
18 Tremont Street, Suite 950
Boston, MA 02108
(617) 426-1350

Amy Whelan (*D.D.C. admission pending*)
**NATIONAL CENTER FOR LGBTQ RIGHTS**
1401 21st Street #11548
Sacramento, CA 95811
(415) 365-1338

*Attorneys for Plaintiff Paulina Poe*

-5-